Donald M. DOWNING, Plaintiff in Error,

v.

E. H. LYNCH, Justice of Peace, Defendant in Error.

No. 38732.

Supreme Court of Oklahoma.

June 21, 1960.

As Amended June 30, 1960.

Rehearing Denied Aug. 2, 1960.

Smith & Brown by Finis Smith, Tulsa, for plaintiff in error.

W. Timothy Dowd, Tulsa, for defendant in error.

PER CURIAM.

Plaintiff is a former justice of peace who resigned in May, 1956. Defendant was appointed his successor. The purpose of this action is to recover the statutory fees in a civil action earned by plaintiff during his term of office as justice of peace.

Plaintiff filed praecipe for execution. Defendant refused to issue the execution. Plaintiff commenced this action to compel the issuance of execution. The trial judge issued an alternative writ. Defendant filed an answer in which the facts set forth above were admitted, but the legal effect denied. The court held as a matter of law that plaintiff was entitled to the minimum statutory fee of $5.00, but declined to issue the writ. The trial court entered a judgment denying a peremptory writ of mandamus, and dismissed the plaintiff's petition.

In dismissing the petition for writ of mandamus the trial court assigned two reasons:

"1. That the word 'may' in the language of the statute, 39 O.S. 301, providing for execution in such cases as this allows the Justice of Peace a choice of either issuing or refusing to issue execution, as he chooses. Therefore, since it is a discretionary act, mandamus will not issue.

"2. That by reason of the provisions of 28 O.S. 2, a Justice of Peace 'forfeits' all fees earned by him during his term of office which remain uncollected at the end of that term. Therefore, plaintiff has no clear legal right to the fees involved and mandamus will not issue."

There is no question about the plaintiff earning the fee during the time he was justice of peace or that execution was issued against the defendant to satisfy the judgment and costs of the aforementioned action and said execution was duly returned "no property found."

Title 39 O.S.1951 § 301, provides:

"Upon the return of an execution issued from any justice's court, and returned unsatisfied by the constable to whom it is issued, or when execution has been withheld by order of plaintiff for a period of ninety days, the justice may, on his own motion, or on application of any party interested in the costs of the action, issue execution against the plaintiff in said action for the costs made by said plaintiff."

In Kerr, Adm'x v. United Collection Service, Okl., 267 P.2d 611, 612, we held:

"Constable fees are statutory and such statutory taxable cost must be recovered, if recoverable, in the original action and not by subsequent suit."

Plaintiff in the case at bar properly sought to recover his unpaid fees, which had been taxed as statutory costs, by levy of execution in the original justice court action.

■ Mandamus will lie to compel issuance of a writ of execution. The general rule is stated in 35 Am.Jur., Mandamus, Sec. 290, page 50 as follows:

"Costs, Fees and Allowances. * * * A party entitled to costs may resort to mandamus to compel the court to perform its purely ministerial duties with respect to the allowance and taxation thereof, * * *."

■ All the texts and authorities are in agreement that a person entitled to recover costs may resort to mandamus to compel the court to issue execution, as that duty is purely ministerial. In 33 C.J.S. Executions § 56(3), p. 190, it is said:

"It is the duty of the clerk to issue a writ of execution on the oral or written demand or request of the holder of the judgment, specifying, where there is a choice, the particular kind of writ desired. The issuance of an execution is a ministerial duty; and if the application for the writ proceeds from a proper party the clerk has no judicial discretion to exercise, and the only inquiry he can make is whether the record of the court shows a judgment or decree authorizing the issuance of the writ. * * *

"The usual remedy for the wrongful failure or refusal of the clerk to issue execution is mandamus, see C.J.S. Title Mandamus § 97, also 38 C.J. p. 638 note 3, et seq. * * *"

From an examination of the facts, we are unable to find any legal reason why the de-

fendant (Justice of Peace) should not have issued the execution when presented with the praecipe by the plaintiff.

 The trial court's error is attributable to its misinterpretation of the significance of the word "may" contained in the statute. The trial court, considering the word out of context and applying the strictest limitation to its meaning, determined that its use made the statute permissive or discretionary, rather than mandatory and absolute.

Title 39, O.S.1951 § 281, provides:

"Execution for the enforcement of a judgment before a justice of the peace may issue by the justice before whom the judgment was rendered, or by his successor in office, on the application of the party entitled thereto, at any time within five years from the entry of the judgment or the date of the last execution issued thereon."

By comparison it is seen that the word "may" is used in Section 301, supra, in the same manner and with equal significance. If the interpretation adopted by the trial court is correct this would mean that the justice would have the right to arbitrarily deny execution to a party holding a valid judgment. Such interpretation would make judgments meaningless as it would allow their enforcement at the fancy or whim of the justice of peace. The granting of such arbitrary power was not the intent of the legislature.

 We do not agree with the trial court's interpretation of Tit. 28 O.S.1951 § 2, that a justice of peace forfeits all fees earned by him during his term of office which remains uncollected at the end of that term. No authority is cited to support such contention and we know of none.

The judgment is reversed with directions to the trial court to set aside the order dismissing the petition and to issue a peremptory writ of mandamus directing the defendant to issue execution.

It is so ordered.

The Court acknowledges the aid of Supernumerary Judge N. S. CORN in the preparation of this opinion. After a tentative opinion was written, the cause was assigned to a Justice of this Court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the court.

DAVISON, C. J., WILLIAMS, V. C. J., and WELCH, JOHNSON, BLACKBIRD, IRWIN and BERRY, JJ., concur.

JACKSON, J., dissents.